01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09  PETER J. MCDANIELS,                      )
                                            )   CASE NO. C12-1289-TSZ-MAT
10          Plaintiff,                      )
                                            )
11          v.                              )   ORDER RE: DISCOVERY MOTIONS
                                            )
12  PETE KREMEN, et al.,                    )
                                            )
13          Defendants.                     )
    _____)
14

15          Plaintiff Peter J. McDaniels proceeds *pro se* and *in forma pauperis* (IFP) in this 42

16  U.S.C. § 1983 civil rights case.   The parties have filed a number of motions relating to

17  discovery.   As an initial matter, the Court notes that, in general, discovery should be conducted

18  between the parties.   A party should not seek judicial intervention unless the parties reach a

19  disagreement they cannot resolve on their own.   While the Court will address several pending

20  discovery-related motions herein, the parties are directed, in the future, to first attempt

21  resolution of discovery issues without the Court's intervention.   The continued filing of

22  discovery-related motions lacking any indication as to prior attempts at informal resolution may

ORDER
PAGE -1

01  result in the denial of such motions.   In any event, having now considered three ripe motions

02  (Dkts. 108, 111 & 112), the Court does hereby find and ORDER:

03        (1)      Defendant Connie Magana, through counsel, seeks an extension from April 8,

04  2013 to April 22, 2013 to respond to pending discovery requests.   (Dkt. 108.)   Counsel attests

05  that Magana is on extended medical leave, on full bed rest in preparation for major surgery.

06  (*Id*.)   While there is no indication counsel for defendant sought informal resolution of this

07  issue, the request for a brief extension of time given the existence of serious medical issues is

08  reasonable and, accordingly, GRANTED.

09        (2)      Plaintiff's Motion to Produce Deposition Transcripts (Dkt. 111) is DENIED.

10  The Court notes, in addition to the fact that this request is not properly directed towards the

11  Court, that plaintiff filed this motion prior to the date on which the depositions in question were

12  scheduled to take place.   Plaintiff is advised to take every step to avoid filing unnecessary

13  motions in this matter.   His failure to do so may result in sanctions.

14        (3)      Plaintiff's Motion to Alter Discovery (Dkt. 112) is DENIED.   The Court finds

15  no basis for an increase in the interrogatories plaintiff may serve on defendant Wendy Jones.

16  Instead, plaintiff's request to serve more than 100 different discovery requests on this defendant

17  is plainly excessive and inappropriate.[1]   The Court further finds no basis for service of

18  _____

19        1 Indeed, while the motion is not yet ripe for consideration, the Court's preliminary review of
     the discovery requests attached to a pending motion for a protective order filed on behalf of defendants
20   Jones and Robin Weiss (Dkt. 113), appears to reveal plaintiff's abuse of the discovery process.   (*See*,
     *e.g.*, Dkt. 113-1 at 6 (including interrogatories as to whether the Holocaust, the American slave trade,
     and the Trail of Tears constitute tragedies).)   The Court also takes the opportunity herein to advise
21   defendants that the motion for a protective order does not include a certification reflecting an attempt to
     resolve this issue without Court action.   *See* LCR 26(c) ("Any motion for a protective order must
22   include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a
     good faith meet and confer conference with other affected parties in an effort to resolve the dispute
     without court action.")   All parties must comply with the rules governing discovery.

ORDER
PAGE -2

01  discovery requests on Whatcom County, an entity that is not a party to this action.

02          (4)     The Clerk is directed to send a copy of this Order to plaintiff, counsel for

03  defendants, and to the Honorable Thomas S. Zilly.

04          DATED this 5th day of April, 2013.

05

06

07                                              Mary Alice Theiler
                                                United States Magistrate Judge

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER
PAGE -3