01

02

03

04

05

06

07                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
08                            AT SEATTLE

09  PETER J. MCDANIELS,                )
                                       )   CASE NO. C12-1289-TSZ-MAT
10          Plaintiff,                 )
                                       )
11      v.                             )   ORDER RE: PENDING MOTIONS
                                       )
12  PETE KREMEN, et al.,               )
                                       )
13          Defendants.                )
    _____)

14

15          Plaintiff Peter J. McDaniels proceeds *pro se* and *in forma pauperis* (IFP) in this 42

16  U.S.C. § 1983 civil rights case.   The Court finds several motions pending in this matter

17  appropriate for consideration.   (*See* Dkts. 145, 147, 151 & 152.)   Having considered those

18  motions, the Court finds and concludes as follows:

19          (1)     Plaintiff filed a Motion to File Overlength Motion.   (Dkt. 145.)   He requests

20  permission to submit a response, totaling thirty-four pages, to a pending motion for summary

21  judgment.   As the Court has previously advised plaintiff, such motions are disfavored.   *See*

22  LCR 7(f).   Nonetheless, the Court does not find plaintiff's request unreasonable and plaintiff's

ORDER
PAGE -1

01  Motion to File Overlength Motion (Dkt. 145) is, accordingly, GRANTED.

02       (2)     Plaintiff filed a Motion for Reconsideration (Dkt. 151) of the Court's Order

03  granting defendants' request for a protective order and denying plaintiff's motion to compel

04  discovery (Dkt. 140).   The Court had concluded that plaintiff failed to comply with the rules

05  governing discovery, and indicated that defendants need only respond to discovery requests

06  compliant with the limits set forth in the Federal Rules of Civil Procedure and Local Civil Rules

07  (LCR).   (Dkt. 140 at 1-2.)   "Motions for reconsideration are disfavored. The court will

08  ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or

09  a showing of new facts or legal authority which could not have been brought to its attention

10  earlier with reasonable diligence."   LCR 7(h).   Because plaintiff fails to demonstrate manifest

11  error in the Court's ruling or to set forth new facts or legal authority, his Motion for

12  Reconsideration (Dkt. 151) is DENIED.

13       (3)     Plaintiff also filed a Motion for Reconsideration (Dkt. 147) of the Court's Order

14  denying plaintiff's Motion to Stay Dispositive Motions, Motion for Extension of Time on

15  Pleadings, and Notice of Evidentiary Hearing on PLRA exhaustion (Dkt. 140 (denying motion

16  at Dkt. 121)).   The Court had found no basis for plaintiff's requests, observing plaintiff's

17  initiation of this lawsuit, against a large number of defendants and including a large number of

18  claims, the numerous motions he has filed, and the fact that the Court has both extended the

19  discovery and dispositive motion deadlines in this case by a significant amount and granted

20  plaintiff extensions of time to respond to dispositive motions.   Plaintiff contends that the Court

21  overlooked one of a number of requests contained within his motion, namely, a request for a

22  120-day extension of time to respond to defendants' summary judgment motion regarding

01    plaintiff's access to courts claim.  The Court, however, considered and denied all of the

02    requests contained within plaintiff's motion.  Plaintiff shows neither manifest error in the

03    Court's ruling or new facts or legal authority in support of his motion.   LCR 7(h).

04    Accordingly, plaintiff's Motion for Reconsideration (Dkt. 147) is DENIED.

05            (4)    Although finding no basis for granting the above-described motion for

06    reconsideration (Dkt. 147), the Court observes that plaintiff has since submitted a response to

07    the pending motion for summary judgment regarding his access to courts claim and a

08    cross-motion for summary judgment.  (Dkt. 150.)   While not timely, the Court finds it

09    appropriate to accept this late-filed response to allow for better consideration of plaintiff's

10    claim and the pending motions.   The Court further takes note of a related request for action by

11    the Clerk.  (Dkt. 152.)   Plaintiff indicates he did not note his cross-motion given uncertainty

12    regarding the acceptance of his response to defendants' motion.  (*See id*. at 1.)  Plaintiff's

13    request for Clerk's Action (Dkt. 152) is herein GRANTED in part.   Plaintiff's Cross Motion

14    for Summary Judgment on the access to courts claim (Dkt. 150) is NOTED for consideration on

15    **June 28, 2013,** and defendants' Motion for Summary Judgment on Failure to Provide Access to

16    the Court (Dkt. 103) is RENOTED for consideration as of that same date.   Defendants shall

17    submit a response to plaintiff's cross motion on or before **June 24, 2013** and plaintiff may

18    submit a reply on or before the noting date.   Further, to allow for better consideration of all of

19    plaintiff's claims, the pending motion and cross motion for summary judgment regarding

20    religious practices (Dkts. 90 & 141) are likewise herein RENOTED for consideration on **June**

21    **28, 2013**.

22            (5)    Plaintiff also, in his motion requesting action by the Clerk, reflects that he has

ORDER
PAGE -3

01   not yet determined the name of a particular Jane Doe defendant and asks that the Court direct

02   the Clerk to fill in that name once it has been acquired.  (Dkt. 152 at 2.)  This request is

03   premature and, therefore, DENIED.   Upon ascertaining the identity of the Jane Doe defendant,

04   plaintiff should inform the Court by submitting a Notice reflecting that information.

05         (6)     In sum, and as stated above:   (a) plaintiff's Motion to File Overlength Motion

06   (Dkt. 145) is GRANTED; (b) plaintiff's Motions for Reconsideration (Dkts. 151 & 147) are

07   DENIED; (c) plaintiff's motion requesting action by the Clerk (Dkt. 152) is GRANTED in part

08   and DENIED in part; and (d) plaintiff's cross motion for summary judgment on his access to

09   courts claim (Dkt. 150) is NOTED for consideration on **June 28, 2013**, and defendants' motion

10   for summary judgment on the access to courts claim (Dkt. 103) and the motion and cross

11   motion for summary judgment as to religious practices (Dkts. 90 & 141) are RENOTED for

12   consideration on **June 28, 2013**.

13         (7)     The Clerk is directed to send a copy of this Order to plaintiff, counsel for

14   defendants, and to the Honorable Thomas S. Zilly.

15         DATED this 31st day of May, 2013.

16

17                                              Mary Alice Theiler

18                                              United States Magistrate Judge

19

20

21

22

ORDER
PAGE -4