UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER J. MCDANIELS, ) | |
| ) | CASE NO. C12-1289-TSZ-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER RE: PENDING MOTIONS |
| ) | |
| PETE KREMEN, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Peter J. McDaniels proceeds *pro se* and *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 civil rights case. The Court finds several motions pending in this matter appropriate for consideration. (*See* Dkts. 145, 147, 151 & 152.) Having considered those motions, the Court finds and concludes as follows:

(1) Plaintiff filed a Motion to File Overlength Motion. (Dkt. 145.) He requests permission to submit a response, totaling thirty-four pages, to a pending motion for summary judgment. As the Court has previously advised plaintiff, such motions are disfavored. *See* LCR 7(f). Nonetheless, the Court does not find plaintiff's request unreasonable and plaintiff's

ORDER
PAGE -1

Motion to File Overlength Motion (Dkt. 145) is, accordingly, GRANTED.

(2)   Plaintiff filed a Motion for Reconsideration (Dkt. 151) of the Court's Order granting defendants' request for a protective order and denying plaintiff's motion to compel discovery (Dkt. 140).  The Court had concluded that plaintiff failed to comply with the rules governing discovery, and indicated that defendants need only respond to discovery requests compliant with the limits set forth in the Federal Rules of Civil Procedure and Local Civil Rules (LCR).  (Dkt. 140 at 1-2.)  "Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  LCR 7(h).  Because plaintiff fails to demonstrate manifest error in the Court's ruling or to set forth new facts or legal authority, his Motion for Reconsideration (Dkt. 151) is DENIED.

(3)   Plaintiff also filed a Motion for Reconsideration (Dkt. 147) of the Court's Order denying plaintiff's Motion to Stay Dispositive Motions, Motion for Extension of Time on Pleadings, and Notice of Evidentiary Hearing on PLRA exhaustion (Dkt. 140 (denying motion at Dkt. 121)).  The Court had found no basis for plaintiff's requests, observing plaintiff's initiation of this lawsuit, against a large number of defendants and including a large number of claims, the numerous motions he has filed, and the fact that the Court has both extended the discovery and dispositive motion deadlines in this case by a significant amount and granted plaintiff extensions of time to respond to dispositive motions.  Plaintiff contends that the Court overlooked one of a number of requests contained within his motion, namely, a request for a 120-day extension of time to respond to defendants' summary judgment motion regarding

plaintiff's access to courts claim.  The Court, however, considered and denied all of the requests contained within plaintiff's motion.  Plaintiff shows neither manifest error in the Court's ruling or new facts or legal authority in support of his motion.  LCR 7(h).  Accordingly, plaintiff's Motion for Reconsideration (Dkt. 147) is DENIED.

(4)     Although finding no basis for granting the above-described motion for reconsideration (Dkt. 147), the Court observes that plaintiff has since submitted a response to the pending motion for summary judgment regarding his access to courts claim and a cross-motion for summary judgment.  (Dkt. 150.)  While not timely, the Court finds it appropriate to accept this late-filed response to allow for better consideration of plaintiff's claim and the pending motions.  The Court further takes note of a related request for action by the Clerk.  (Dkt. 152.)  Plaintiff indicates he did not note his cross-motion given uncertainty regarding the acceptance of his response to defendants' motion.  (*See id*. at 1.)  Plaintiff's request for Clerk's Action (Dkt. 152) is herein GRANTED in part.  Plaintiff's Cross Motion for Summary Judgment on the access to courts claim (Dkt. 150) is NOTED for consideration on **June 28, 2013,** and defendants' Motion for Summary Judgment on Failure to Provide Access to the Court (Dkt. 103) is RENOTED for consideration as of that same date.  Defendants shall submit a response to plaintiff's cross motion on or before **June 24, 2013** and plaintiff may submit a reply on or before the noting date.  Further, to allow for better consideration of all of plaintiff's claims, the pending motion and cross motion for summary judgment regarding religious practices (Dkts. 90 & 141) are likewise herein RENOTED for consideration on **June 28, 2013**.

(5)     Plaintiff also, in his motion requesting action by the Clerk, reflects that he has

ORDER
PAGE -3

not yet determined the name of a particular Jane Doe defendant and asks that the Court direct the Clerk to fill in that name once it has been acquired.  (Dkt. 152 at 2.)  This request is premature and, therefore, DENIED.   Upon ascertaining the identity of the Jane Doe defendant, plaintiff should inform the Court by submitting a Notice reflecting that information.

(6) In sum, and as stated above:  (a) plaintiff's Motion to File Overlength Motion (Dkt. 145) is GRANTED; (b) plaintiff's Motions for Reconsideration (Dkts. 151 & 147) are DENIED; (c) plaintiff's motion requesting action by the Clerk (Dkt. 152) is GRANTED in part and DENIED in part; and (d) plaintiff's cross motion for summary judgment on his access to courts claim (Dkt. 150) is NOTED for consideration on **June 28, 2013**, and defendants' motion for summary judgment on the access to courts claim (Dkt. 103) and the motion and cross motion for summary judgment as to religious practices (Dkts. 90 & 141) are RENOTED for consideration on **June 28, 2013**.

(7) The Clerk is directed to send a copy of this Order to plaintiff, counsel for defendants, and to the Honorable Thomas S. Zilly.

DATED this 31st day of May, 2013.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE -4