UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER J. McDANIELS,<br><br>           Plaintiff,<br><br>  v.<br><br>BILL ELFO, et al.,<br><br>           Defendants. | C12-1289 TSZ-MAT<br><br>ORDER |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of Mary Alice Theiler, Chief United States Magistrate Judge, docket no. 229, addressing a motion for judgment on the pleadings, docket no. 190, brought by all but the John/Jane Doe defendants. Having reviewed the R&R, the motion for judgment on the pleadings, plaintiff's objections to the R&R, docket no. 231, and the previous R&Rs and orders in this matter, the Court enters the following order.

**Discussion**

In his Second Amended Complaint, docket no. 142, plaintiff makes 29 claims against several individuals and Whatcom County, related to his period of confinement in the Whatcom County Jail. Previous R&Rs and orders have narrowed the claims and

ORDER - 1

parties. Of the nine religious practices claims (Claims 1-9), only three remain, namely Claims 3, 5, and 8. Order (docket no. 220); R&R (docket no. 195). All four access-to-court claims (Claims 24-27) have been dismissed. Order (docket no. 221); R&R (docket no. 202). In addition, both of the medical treatment claims (Claims 19-20) and seven of the nine conditions-of-confinement claims have been dismissed (Claims 10-13, 15-16, and 18 have been dismissed; Claims 14 and 17 remain pending). Order (docket no. 232); R&R (docket no. 215). Moreover, certain defendants have been dismissed from the case. *See* Order (docket nos. 171 & 197); Order (docket no. 220); Order (docket no. 221).

The R&R currently before the Court concerns four of the five claims not previously addressed (Claims 21-22 and 28-29),[1] as well as the issue of official capacity and municipal liability. With regard to the latter topic, the Court agrees with the R&R that defendants' motion for judgment on the pleadings should be DENIED. Thus, with respect to plaintiff's three remaining religious practices claims, relating to (i) the denial of Halal meat, (ii) the nutritional adequacy of the Ramadan diet, and (iii) the denial of pain reliever during Ramadan, and with respect to plaintiff's two remaining conditions-of-confinement claims, concerning (iv) illumination in plaintiff's cell, and (v) nutrition provided by the Whatcom County Jail, plaintiff may further pursue his allegations of official capacity and municipal liability. The Court notes, however, that Chief Magistrate

---

[1] The fifth claim (Claim 23), relating to the destruction of plaintiff's legal materials when he was transferred from the Whatcom County Jail and into the custody of the Washington Department of Corrections, is the subject of another R&R, docket no. 225. Defendant Mike Zender has been directed to file a response to plaintiff's objections to the R&R, and the matter is noted for consideration on May 30, 2014. Minute Order (docket no. 234).

ORDER - 2

1  Judge Theiler has recently set a deadline for another round of dispositive motions, *see*
2  Order (docket no. 239), and the Court makes no ruling concerning how such motion
3  practice should affect the assertion of official capacity and/or municipal liability.
4        With regard to plaintiff's spoliation claims (Claims 21-22), the Court agrees with
5  the R&R that such claims raise evidentiary issues and do not constitute cognizable legal
6  claims.  Spoliation of evidence may be addressed by way of appropriate inferences drawn
7  by the fact-finder at trial or other sanctions.  *See Transue v. Aesthetech Corp.*, 341 F.3d
8  911, 920-21 (9th Cir. 2003); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir.
9  2006).  Likewise, plaintiff's "arbitration" claim (Claim 28) does not state a cognizable
10 legal claim, but rather merely appears to contend that, to the extent plaintiff did not use
11 the grievance procedures at the Whatcom County Jail, he should be excused from any
12 exhaustion requirement because defendants inhibited him from meaningfully pursuing his
13 complaints.  As to Claims 21, 22, and 28, defendants' motion for judgment on the
14 pleadings will be treated as a motion to dismiss for failure to state a claim, and such
15 motion is hereby GRANTED.
16        As to plaintiff's last claim (Claim 29), the Court agrees with the R&R that
17 plaintiff's "catchall" pleading does not sufficiently set forth a cognizable claim.  In
18 Claim 29, plaintiff alleges, in conclusory fashion, violations of the Americans with
19 Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, the United States
20 Commission on International Religious Freedom Reform and Reauthorization Act of
21 2011, which reauthorized the International Religious Freedom Act of 1998 ("IRFA"), the
22 Civil Rights of Institutionalized Persons Act ("CRIPA"), the Detainee Treatment Act of
23

ORDER - 3

2005 ("DTA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the equivalent provisions of the Washington Constitution, and 42 U.S.C. §§ 1983, 1985, & 1986. In his objection to the R&R, plaintiff indicates that the "catchall" nature of this claim was the result of a page limitation imposed by Chief Magistrate Judge Theiler. <u>See</u> Order (docket no. 13) (restricting the operative pleading to 25 pages). The Court is satisfied that the deficiencies of Claim 29 cannot be cured by allowing plaintiff to amend the complaint or by giving him additional pages.

Plaintiff cannot assert either an ADA or Rehabilitation Act violation. Whatcom County is not a "covered entity" for purposes of Title I of the ADA, <u>see</u> 42 U.S.C. § 12111(2), plaintiff is not receiving services or participating in programs or activities provided by Whatcom County within the meaning of Title II of the ADA, <u>see</u> 42 U.S.C. § 12131(2), and the Whatcom County Jail is not the type of entity receiving federal financial assistance that must comply with the Rehabilitation Act, <u>see</u> 29 U.S.C. § 794. Likewise, plaintiff cannot assert claims under IRFA, CRIPA, and the DTA. IRFA relates only to foreign policy, <u>see</u> 22 U.S.C. §§ 6401-6481, CRIPA provides no private right of action, <u>see</u> 42 U.S.C. § 1997j, and the DTA applies only to individuals in the custody of the United States, <u>see</u> 42 U.S.C. § 2000dd.

Similarly, plaintiff cannot establish a RICO claim. A RICO claim requires proof that a person employed by an enterprise engaged in interstate or foreign commerce either conducted, or participated in the conduct of, such enterprise's affairs through "a pattern

ORDER - 4

of racketeering activity." 18 U.S.C. § 1962(c).  Racketeering activity means acts constituting certain crimes, including particular state law felonies and various specifically enumerated federal offenses.  18 U.S.C. § 1961(1).  The Whatcom County Jail is not an enterprise engaged in interstate or foreign commerce.  Moreover, the conduct about which plaintiff complains does not amount to the requisite state law felony or enumerated federal offense.

With regard to RLUIPA and the applicable provisions of the Constitution, which are predicates to a claim under 42 U.S.C. § 1983, additional pleading is unnecessary.  Plaintiff's remaining religious practices and conditions-of-confinement claims have been treated as having been brought under RLUIPA and/or § 1983 (First, Eighth, and Fourteenth Amendments).  *See* R&R at 2 n.2 &10-39 (docket no. 195); *see also* R&R at 4-7, 16-26, 30-34 (docket no. 215).  Plaintiff having joined as defendants all individuals alleged to have participated in the § 1983 violations, plaintiff's reference to a conspiracy in violation of 42 U.S.C. §§ 1985 & 1986 appears duplicative and unnecessary.

The Court also agrees with the R&R that, with respect to any conspiracy claim, plaintiff has failed to plead the requisite agreement among two or more defendants to violate his rights.  *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (a plaintiff alleging conspiracy must "'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights"); *see also Savage v. Judge*, 644 F. Supp. 2d 550, 561 (E.D. Pa. 2009) ("[A] plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive

ORDER - 5

plaintiff of a protected federal right. . . . A plaintiff cannot rely on subjective suspicions and unsupported speculation."). Plaintiff has had ample opportunity to present his claims, and if he had the requisite proof of a conspiracy, he should have provided it by now. Thus, the Court is persuaded that allowing plaintiff to further pursue a conspiracy claim would be futile.

**Conclusion**

For the foregoing reasons, the Court ORDERS as follows:

(1) The Report and Recommendation ("R&R") of Mary Alice Theiler, Chief United States Magistrate Judge, docket no. 229, is ADOPTED in part and MODIFIED in part;

(2) Defendants' motion for judgment on the pleadings, docket no. 190, is DENIED in part and GRANTED in part as follows:

    (a) Defendants' motion for judgment on the pleadings is DENIED as to official capacity and municipal liability;

    (b) Defendants' motion is treated as a motion to dismiss for failure to state a claim and GRANTED as to Claims 21, 22, and 28, which are hereby DISMISSED;

    (c) Defendants' motion for judgment on the pleadings is GRANTED in part as to Claim 29; defendants are entitled to judgment as to plaintiff's claims under the ADA, the Rehabilitation Act, IRFA, CRIPA, the DTA, RICO, and 42 U.S.C. §§ 1985 & 1986; defendants' motion is DENIED in part as to plaintiff's claims under RLUIPA and 42 U.S.C. § 1983;

ORDER - 6

(3) The Clerk is DIRECTED to send copies of this Order to all counsel of record, plaintiff pro se, and Chief Magistrate Judge Theiler.

IT IS SO ORDERED.

Dated this 27th day of May, 2014.

                                                                             THOMAS S. ZILLY
                                                                             United States District Judge