UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER J. MCDANIELS, ) | |
| ) | CASE NO. C12-1289-TSZ-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER DIRECTING CLERK TO |
| ) | IDENTIFY PRO BONO COUNSEL |
| BILL ELFO, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff proceeds *pro se* and *in forma pauperis* (IFP) in this civil rights action, and seeks the appointment of counsel. (Dkts. 241.) He is currently incarcerated at Stafford Creek Corrections Center, and brings claims regarding his prior confinement at Whatcom County Jail. (*See* Dkt. 142.) Having considered the motion for appointment of counsel, as well as the remainder of the record, the Court finds and ORDERS as follows:

(1) There is no right to have counsel appointed in cases brought under § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding IFP, it may do so only upon a showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances

requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*.  These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1).  *Id.*

In this case, several of plaintiff's claims have survived motions for summary judgment, including claims relating to plaintiff's religious practices and the conditions of confinement at the jail.  (*See* Dkt. 244; *see also* Dkts. 195, 215, 220, and 232.)   Given the complexity of the legal issues involved in those claims, the Court concludes it will be difficult for plaintiff to continue to pursue this case *pro se*.   The Court also notes that other dispositive motions remain pending on the docket (Dkts. 225, 236) and that the Court recently extended the dispositive motion filing deadline (Dkt. 239).   Considering all of the above, the Court finds exceptional circumstances warranting the appointment of counsel in this matter.   However, plaintiff is advised that there is no guarantee pro bono counsel will be identified.   The motion for appointment of counsel (Dkt. 241) is, therefore, GRANTED contingent upon the identification of counsel willing to represent plaintiff in this matter.

(2)   The Clerk is DIRECTED to identify counsel from the Pro Bono Panel to represent plaintiff.   Upon the identification of pro bono counsel, the Court will issue an order appointing counsel.

/ / /

/ / /

/ / /

/ / /

(3) The Clerk is further directed to send a copy of this Order to plaintiff, counsel for defendants, and to the Honorable Thomas S. Zilly.

DATED this <u>28th</u> day of May, 2014.

*[signature]*

Mary Alice Theiler
Chief United States Magistrate Judge

ORDER DIRECTING CLERK
TO IDENTIFY PRO BONO COUNSEL
PAGE -3