UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER J. MCDANIELS,

    Plaintiff,

    v.

BILL ELFO, et al.,

    Defendants.

CASE NO. C12-1289-TSZ-MAT

REPORT AND RECOMMENDATION

### INTRODUCTION AND SUMMARY CONCLUSION

Defendants move to dismiss plaintiff's claims against defendant Matt Danz for failure to timely effect service. (Dkt. 236.) Plaintiff objects to the motion. (Dkt. 243.) Having considered the motion and plaintiff's response, along with the remainder of the record, the Court recommends the motion be DENIED without prejudice to the filing of a revised motion to dismiss relating to Danz.

By Order dated April 22, 2013, the Court noted its Order Directing Service on Danz had been returned to the Court as undeliverable and began the 120-day time limit for service

REPORT AND RECOMMENDATION
PAGE -1

accounted for in Federal Rule of Civil Procedure 4(m).  (Dkt. 134.)  The Court advised plaintiff he could use the discovery process to attempt to ascertain the whereabouts of Danz, and indicated that, unless plaintiff provided an address or good cause for the failure to serve within 120 days, his claims against Danz would be subject to dismissal.  (*Id*.)

Defendants, in their motion to dismiss, point to plaintiff's failure to seek information about Danz through discovery, or any good cause for the failure to serve, and request dismissal of plaintiff's claims against Danz without prejudice.  (Dkt. 236.)  However, subsequent to the Court's April 2013 Order, plaintiff filed a Second Amended Complaint including Danz as a defendant (*see* Dkt. 142 at 25-26), and defendants responded with an Answer to that pleading on behalf of Danz and other defendants (*see* Dkt. 182 at 1).  "A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *see also* Fed. R. Civ. P. 12(h).  Defendants did not, in either of the answers filed in this matter, raise the defense of improper or insufficient service or any affirmative defense disputing personal jurisdiction.  (*See* Dkts. 36 and 182.)  Nor do defendants, in their current motion, address the question of whether their second responsive pleading, filed on behalf of Danz, served to waive defects in service.  The undersigned, therefore, declines at this juncture to recommend dismissal of Danz based on failure to timely effect service.

The Court, however, takes the opportunity to pose a different question relating to Danz. Plaintiff avers Danz "is a primary defendant in this case."  (Dkt. 243.)  However, a review of plaintiff's Second Amended Complaint reveals that Danz is not identified as a defendant in any of the claims that remain pending in this matter, including: three religious practices claims,

REPORT AND RECOMMENDATION
PAGE -2

relating to (i) the denial of Halal meat (Claim 8), (ii) the nutritional adequacy of the Ramadan diet (Claim 3), and (iii) the denial of pain reliever during Ramadan (Claim 5); two conditions-of-confinement claims, concerning (iv) illumination in plaintiff's cell (Claim 14), and (v) nutrition provided by the Whatcom County Jail (Claim 17); and (vi) a claim alleging the destruction of his legal materials (Claim 23).[1] (*See* Dkt. 142.) Indeed, the only claim in which plaintiff named Danz as a defendant – a medical treatment claim regarding "Stroke Symptoms" – has been dismissed. (*See* Dkt. 142 at 25-26, and Dkts. 215 and 232).)

Given the absence of any remaining claims against Danz as set forth in the Second Amended Complaint, it appears that he should be dismissed as a defendant in this matter. Again, however, the Court declines to reach a determination on this issue at this time. Plaintiff's Second Amended Complaint operates as a complete substitute for, rather than a mere supplement to, plaintiff's prior complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). However, the Court anticipates plaintiff will oppose dismissal of Danz with the contention that he was unable to include all of his claims against this defendant in his Second Amended Complaint due to Court-imposed page limitations. Defendants have not yet addressed the question of whether plaintiff has stated a claim against Danz in any of the claims that remain pending in this case. Should defendants take the opportunity to do so in a second motion to dismiss, they should address the issue of whether Danz is properly considered a defendant in relation to one or more of plaintiff's pending claims as set forth in other pleadings and documents filed in this matter. (*See*, *e.g.*, Dkt. 4 at 11-12 (original proposed complaint including allegations against "nurse practitioner" in Claim 17, challenging nutritional adequacy

---

[1] Claim 23 is the subject of a pending Report and Recommendation. (*See* Dkt. 225.)

REPORT AND RECOMMENDATION
PAGE -3

of diet at the jail) and Dkt. 125 at 2 & n.1 (clarifying the identification of Danz as "Nurse Practitioner John Doe 5").)

In sum, the Court recommends the motion to dismiss (Dkt. 236) be DENIED without prejudice to the filing of a revised motion to dismiss relating to Danz. The parties are reminded that the dispositive motion deadline in this matter has been extended to June 27, 2014. (Dkt. 239.) A proposed Order accompanies this Report and Recommendation.

DATED this 3rd day of June, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge